UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT J. WAGONER,            )
                              )
            Plaintiff,        )
                              )   CAUSE NO. 3:17-CV-877 RLM
      vs.                     )
                              )
ELKHART COUNTY                )
CORRECTIONAL CENTER,          )
                              )
            Defendant.        )

OPINION AND ORDER

Robert Joseph Wagoner, a prisoner without a lawyer, filed a complaint against the Elkhart County Correctional Center claiming that the law library resources at the facility are inadequate. The court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief may be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). In determining whether the complaint states a

1

claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). To state a claim under § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Wagoner claims that due to the Elkhart County Correctional Center's failure to provide a law library, he is being denied the right to prepare and present a fair and adequate defense in his pending criminal case. Although the facility provides access to computer-based legal research, Mr. Wagoner is not adept at using a computer. Additionally, Mr. Wagoner claims that he only has access to the kiosk to do computer-based legal research after 11:00 p.m. A pre-trial detainee who is without counsel needs the tools necessary to prepare his defense, but jail officials aren't required to provide legal materials to an inmate who "was represented by counsel on his criminal charges." Martin v. Tyson, 845 F.2d 1451, 1456 (7th Cir. 1988). Mr. Wagoner doesn't allege that he is not represented in his criminal case by an attorney, and the docket in his pending criminal case, State of Indiana v. Robert J. Wagoner, 20D05-1709-F6-001272, establishes that he is

2

represented by counsel in that case.[1] The allegation that the Elkhart County Correctional Center didn't give him access to materials that would assist him in preparing a defense against his criminal charges states no claim upon which relief can be granted.

Though it's usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that isn't necessary when, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." Carpenter v. PNC Bank, Nat. Ass'n, No. 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted). See Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013) and Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED.

ENTERED: January 10, 2018

/s/ Robert L. Miller, Jr.
Judge,
United States District Court

---

[1] Although the case is now resolved, State of Indiana v. Robert J. Wagoner, 20D05-1703-F6-000360 was pending at the time Mr. Wagoner filed this action. He was also represented by an attorney in that case.